```
1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,    )
                                 )
12          Plaintiff(s),        )   No. CR 3-10-70836 MAG
                                 )
13     v.                        )
                                 )   ORDER OF DETENTION
14  DAVIE JIMMY MEJIA-SENSENTE,  )   PENDING TRIAL
                                 )
15                               )
            Defendant(s).        )
16  _____)
```

17   This matter came before the Court on September 29, 2010
18 for a detention hearing.  The defendant, Davie Jimmy Mejia-
19 Sensente, was present and represented by Erick Guzman.
20 Assistant United States Attorney Derek Owens appeared for the
21 government.  He was not interviewed by Pretrial Services.
22   Having considered the parties' proffers, I find that the
23 government has met its burden of showing that the defendant is
24 a risk of flight, and that no conditions of release will
25 reasonably assure his appearance.  In so finding, I have
26 considered the following factors:
27   1. The defendant is charged with a violation of 18
28 U.S.C. § 922(g)(5) (illegal alien in possession of a firearm)

1

1 and faces a substantial sentence of a maximum term of
2 imprisonment of ten years. This creates a strong incentive to
3 flee.
4     2. The government proffered that he is in this country
5 illegally and there is an immigration detainer lodged against
6 him. This means that if I were to release him, he would go
7 into ICE custody, which does not necessarily assure that he
8 will make his appearances. He admitted he would seek release
9 from ICE custody.
10     3. The defendant's ties to the community are mixed. He
11 currently resides with his spouse in the area and is currently
12 seeking asylum in the United States. He is a citizen of El
13 Salvador. He claims that he entered the United States
14 illegally from Mexico in 2001 and has resided here since. The
15 extent of defendant's contacts with his country of origin is
16 uncertain. Specifically, I do not know whether he still has
17 family in El Salvador.
18     4. The release proposal of an $20,000 unsecured bond is
19 insufficient to assure the defendant's appearance, and he has
20 offered no viable sureties. He proffered his employer as a
21 surety, but the employer was not in Court to be questioned so
22 I could determine his qualifications.
23     5. I find that the government has met its burden of
24 showing by a preponderance of the evidence that the defendant
25 is a flight risk and that the proposed conditions of release
26 will not reasonably assure his appearance.
27     Based on the foregoing, the government's motion for
28 detention is **GRANTED. IT IS HEREBY ORDERED** that:

1. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel;

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: September 30, 2010

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2010\MEJIA-SENSENTE - 10-70836 - Detention Order.wpd

3