**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 10-00727 CRB |
| Plaintiff, | **ORDER RE: REDACTED WARRANT** |
| v. | |
| DAVID MEJIA-SENSENTE, | |
| Defendant. | |

Defendant's home was searched pursuant to a warrant, a firearm was found, and charges followed. The government has produced to Defendant only a redacted version of the warrant, asserting that production of the complete, unredacted warrant would jeopardize the safety of a confidential informant. Defendant challenges the redaction of the warrant, arguing that he has a right to "cross-examine his accusers" and "contest the legality of the warrant that was executed against him." See dckt. no. 28 at 2. Under United States v. Napier, 436 F.3d 1133 (9th Cir. 2006), the Court must balance Defendant's interests with the government's interest in keeping the identity of the informant confidential.

Following Napier, 436 F.3d at 1138, the Court today conducted an evidentiary hearing in which the affiant, Sergeant Inspector Scott Lau of the San Francisco Police Department, testified as to the safety concerns expressed in support of redaction. The affiant testified on direct and on cross-examination by defense counsel, describing his professional background

United States District Court
For the Northern District of California

1    and his knowledge of and experience with gangs in the San Francisco Bay Area, including

2    the MS-13 gang of which Defendant is alleged to be a member.  He also testified about the

3    MS-13 gang's involvement with violent crime, and its propensity and ability to retaliate

4    against government cooperators.  The affiant chose not to answer numerous questions by

5    defense counsel on the grounds that they might compromise the safety of the confidential

6    informant.  Following the cross-examination, government counsel and the Court questioned

7    the affiant further, in a sealed courtroom outside of the presence of Defendant and his

8    counsel.  In response to that questioning, the affiant provided far more detailed information,

9    including but not limited to the identity and credibility of the confidential informant, the

10   confidential informant's knowledge of Defendant, the circumstances of the confidential

11   informant's provision of information to the government, and the affiant's reasons for

12   believing that the Defendant might retaliate violently against a government cooperator.

13        In the direct, cross, and sealed portions of the evidentiary hearing, the Court witnessed

14   the demeanor of the affiant, and found him to be truthful, credible, knowledgeable and

15   forthcoming.  The Court believes that the risk to the confidential informant is real, and that

16   the redaction of the warrant was proper in this case.  Defendant's request for disclosure of the

17   complete, unredacted warrant is therefore DENIED.  Moreover, for the reasons testified to by

18   the affiant during the sealed portion of the hearing, Defendant's request for an in camera

19   hearing at which the Court would question the confidential informant, an "extra precaution"

20   taken by the district court in the Napier case, id., is also DENIED.

21        **IT IS SO ORDERED.**

22

23   Dated: March 23, 2011                    CHARLES  R. BREYER
                                              UNITED STATES DISTRICT JUDGE

24

25

26

27

28